# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| HENRY A. JONES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3150-CV-S-DW-H |
| SCHULTZ, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, has petitioned this Court for a writ of habeas corpus. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to exhaust administrative remedies and because the Court is without jurisdiction to entertain his complaints, it will be recommended that leave to proceed in forma pauperis be denied.

As grounds for relief in habeas corpus, petitioner contends that respondents denied him access to the state courts when prison officials at USP, Atwater, destroyed his legal materials needed to timely file a notice of appeal and denied him use of the telephone to contact the Clerk of the California Supreme Court; that his trial counsel was ineffective for failing to present the issue of his mental illness at trial and at sentencing; that actions of staff at USP, Atwater constituted cruel and unusual punishment; and that his case should be transferred back to the Ninth Circuit Court of Appeals.

It is respondents' position that petitioner has failed to demonstrate that he has exhausted state administrative remedies or post-conviction remedies on issues related to his state court convictions. It is

also contended that he has not exhausted administrative remedies on his challenges to his conditions of confinement at USP, Atwater.

A review of the record indicates that petitioner, after completion of his federal sentence, is scheduled to serve consecutive life sentences in the state of California. According to the affidavit of Dennis Bitz, Attorney Advisor at the Medical Center, petitioner has not exhausted administrative remedies on any of the issues referenced in his petition regarding the fact of his federal confinement and conditions of that confinement. The law is clear that petitioner must exhaust available administrative remedies. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). Because petitioner has failed to exhaust administrative remedies available to him, the Court finds that it must be recommended that he be denied leave to proceed in forma pauperis.

Petitioner also raises issues related to his state convictions. To the extent that petitioner attempts to challenge his state convictions, those matters are not properly before this Court.

Because petitioner has failed to exhaust administrative remedies on the issues related to his federal confinement and because this Court does not have jurisdiction regarding his state convictions, it must be recommended that the petition for writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

petition herein for writ of habeas corpus be dismissed without prejudice.

                                                              /s/ James C. England  
                                                              JAMES C. ENGLAND  
                                                               United States Magistrate Judge

Date: 02/04/05